# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK FLYTHE,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-08-0410 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN JERRY C. MARTINEZ,** *et al.*, : | |
| : | |
| Respondents : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Frank Flythe, an inmate formerly housed at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania, filed the above captioned *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Mr. Flythe challenges the United States Parole Commission (USPC) calculation of his parole rehearing date as well as his parole eligibility date. (Doc. 1, Pet.) On January 28, 2010, Respondents filed a suggestion of mootness based on Mr. Flythe's release on parole on January 25, 2010. (Doc. 35.) A review of the BOP's Inmate Locator database confirms that Mr. Flythe was released from BOP custody on January 28, 2010. *See* www.bop.gov. For the reasons set forth below, the § 2241 petition will be dismissed as moot.

Once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). Generally, a petition for habeas corpus relief

becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Lane*,*supra* ; *Carafas v. Lavalle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986. *See also Burkey* , 556 F.3d at 148-49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

In the instant case, the Petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence, specifically

his parole eligibility.  As Mr. Flythe is no longer in custody, and released on parole, there is no legal injury for this court to redress as he has obtained the relief he sought.  Accordingly, the instant Petition must be dismissed for lack of case or controversy.

**ACCORDINGLY, THIS  8th   DAY OF FEBRUARY, 2010, IT IS HEREBY ORDERED THAT:**

    1.  The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

    2. The Clerk of Court is directed to close this file.

    **/s/ A. Richard Caputo**
    **A. RICHARD CAPUTO**
    **United States District Judge**